UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lisa T. Simmons A/K/A Lisa Simmons and Linda J. Cureton A/K/A Linda Cureton <br><br> PLAINTIFFS, <br><br> vs. <br><br> U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association , and <br><br> Selene Finance LP A/K/A Selene <br><br> DEFENDANTS | DOCKET NO <br><br><br> CIVIL ACTION COMPLAINT |

**Plaintiffs sue Defendants and by way of a Complaint states:**

### Parties and Jurisdiction

1. LISA T SIMMONS a/k/a LISA SIMMONS and LINDA J CURETON a/k/a LINDA CURETON, collectively identified as the "Plaintiffs", reside at 804 MEADOWCREST LANE, DOUGLASSVILLE, PA 19518 (the "property").
2. Defendant USA BANK TRUST NATIONAL ASSOCIATION was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the Commonwealth of Pennsylvania is unknown, but with its principal office at 3501 Olympus Boulevard, 5th Floor, Suite 500, Dallas Texas 75019, and is being sued solely as owner trustee for RCAF 2 ACQUISITION TRUST.
3. Defendant SELENE FINANCE LP a/k/a SELENE, was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the

Commonwealth of Pennsylvania is unknown, but with its principal office at 3501 Olympus Boulevard, 5th Floor, Suite 500, Dallas Texas 75019

4. At all times relevant and material hereto the Defendants were the owner and/or servicers of the Note/Mortgage referenced herein, or, alternatively were the successors in interest as owners or servicers of the note, charged with and/or inheriting the responsibility and liability of all prior acts of servicing, managing, maintaining, processing loss mitigation applications and doing all acts necessary to handle the Note/Mortgage in accordance with applicable State and Federal regulations, acting at all times did act on its own individual behalf and as agents, servants, workmen and/or employees of the owner of the Note/Mortgage and of each other.

5. As a successor in interest as owners or servicers of the note, the Defendants, individually or jointly, purchased or otherwise assumed all assets and liabilities of the subject Note, including but not limited to the servicing of the same in accordance with the hereinafter cited law.

6. Jurisdiction is based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. including Regulation X, and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343.

7. The amount in controversy is in excess of $75,000.00.

**Background Material Facts**

8. At all times relevant and material hereto the Note/Mortgage of the Plaintiffs, identified by Selene as Loan #: 2005034424, associated with the property, was alleged to be in a default status.

9. At all times relevant and material hereto the said loan of the Plaintiff was intentionally or negligently serviced and handled by the Plaintiff that it was caused to fall into a delinquent status and after which the property went into foreclosure.

10. Thereafter the Plaintiff was prevented from exercising his legal right to cure the delinquency/default, due to the mishandling and servicing of the Plaintiff's account by the Defendants, individually and/or jointly.
11. At all times relevant and material hereto, the Defendants failed, inter alia, to afford the Plaintiff assistance and aid designed and required by Regulation X, Subpart C, 12 C.F.R. Sec 1024.39 and other law, to resolve delinquency and default:
    a. Early intervention as required by Regulation X, Subpart C, 12 C.F.R. Sec 1024.39
    b. Continuity of contact as required by Regulation X, Subpart C, 12 C.F.R. Sec 1024.40
    c. Assistance in seeking loss mitigation as required by Regulation X, Subpart C, 12 C.F.R. Sec 1024 et seq.
    d. Proper receipt, application and crediting of payments
12. A foreclosure action was filed against the Plaintiff in the Court of Common Pleas of Berks County, Commonwealth of Pennsylvania, under docket number 23 3430, and the Plaintiff obtained the services of counsel to defend said litigation and obtain loss mitigation to save the property.
13. On or about 09/09/2024 the Plaintiffs were offered a trial plan modification which was accepted by the Plaintiffs - a copy of which is attached hereto, made a part hereof and marked as **Exhibit A.**
14. The Trial Plan required that the Plaintiffs make 4 trial plan payments within the months of July, August, September, October of 2024 for the sum of $4379.14 and upon successful payment the Plaintiffs would be offered a Permanent Modification which would place the subject loan into a current status.
15. The Plaintiffs successfully paid the trial plan modification payments and the same were accepted by the Defendants - copies of all payments are attached hereto, made a part hereof and collectively marked as **Exhibit B**
16. The Plaintiffs successfully paid the trial plan modification and as an acknowledgment and in recognition of the successful completion of the trial plan, the Plaintiffs were offered a Permanent Modification on October 3, 2024 enclosed with a cover letter from Selene - a copy of which is attached hereto, made a part hereof and marked as **Exhibit C.**

17. Prior to returning the signed Permanent Modification Agreement, the Plaintiffs contacted the Defendants to let them know that the Agreement was accepted and that the singing and sending would take place no later than November 7, 2024 as Selene failed to send the Modification Agreement to Plaintiffs' Counsel as directed, and that review was needed. Otherwise the Defendants were advised that the offer was accepted. In response to this inquiry the Plaintiffs were told that would be acceptable as per the Permanent Modification Agreement, the first payment was not due until December 1, 2024.

18. However, after acknowledging and recognizing the Plaintiffs' successful completion of the trial plan, by offering the Plaintiffs a Permanent Modification on October 3, 2024, Defendants did, suddenly and without warning, started returning the Trial Plan payments made by the Plaintiffs, wrongfully claiming that the Plaintiffs had issued checks that were drawn on an account with non-sufficient funds.

19. Said accusations were improper as the Plaintiffs had issued "Official" bank checks, which could not have "bounced".

20. On or about November 21, 2024, the Plaintiffs' counsel issued a Notice of Error (NOE) in accordance with 12 C.F.R. Section 1024.35, questioning the propriety of returning the Trial Plan payments. Said NOE and follow up thereto were ignored by the Defendants. Copies of said NOE's are attached hereto, made a part hereof, incorporated herein by reference, and collectively marked as **Exhibit D.**

21. The Defendants then issued a letter to the Plaintiffs on December 9, 2024 denying Modification giving as the sole reason: "Borrower refused Modification terms offered." A copy of said letter is attached hereto, made a part hereof and marked as **Exhibit E.**

22. The denial is false, by conduct and communication identified above the Plaintiffs clearly communicated an acceptance of the Modification terms offered.

23. Said December 9, 2024 letter is in violation of Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(1) and Sec. 1024.41(h). as it failed to supply an opportunity for an appeal.

24. The Plaintiffs have made numerous attempts to communicate with the Defendants to address this issue, all of which have failed, in violation of Regulation X, Subpart C, 12 C.F.R. Sec 1024.40 mandating continuity of contact, which has contributed to their failure to resolve this issue

25. Plaintiffs are now facing the loss of their property through ongoing foreclosure proceedings and sheriff sale, causing serious and significant stress, anxiety and financial loss.

26. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X, by engaging in unjustified delays, failing to properly credit payments and failing to respond to disputes - all as required under 15 U.S.C. § 1639f Reg. Z, 12 C.F.R. § 1026.36(c)(1) and §§ 1024.35 and 1025.36 for which liability may be imposed for actual and statutory damages, including counsel fees and costs per 12 U.S.C. S 2605(f)(l).

27. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

28. The Plaintiff as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

29. As a direct result of the conduct of the Defendants as herein before and hereinafter set forth, the Plaintiffs have suffered severe damages, including but not limited to:
    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the loss of her property through default and foreclosure;
    b. Economic losses associated with the preclusion of their right to cure any erroneous delinquency and/or default thereby exposing Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;
    c. losses as may be revealed during discovery or the trial of this case.

## COUNT ONE
## BREACH OF CONTRACT
## VIOLATION OF COVENANTS OF GOOD FAITH AND FAIR DEALING

30. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

31. As set forth in the Background Material Facts incorporated herein Defendants, individually or jointly, through their agents, servants and employees, engaged in deception, false promise and/or misrepresentations with regard to the servicing of the subject loan, constituting and causing a breach of their promises, agreement and contract to honor both a Trial Modification plan and a Permanent Modification plan as offered and accepted.
32. At all times relevant and material hereto the Defendants were under a duty as mandated by New Jersey common law, to perform its contractual obligations under covenants of good faith and fair dealing. Said duty is required under the Uniform Commercial Code § 1-304, Obligation of Good Faith, adopted by New Jersey via Title 12A of the New Jersey Revised Statutes. See also New Jersey Standard Civil Jury Instruction Charge 4.10J,
33. At all times relevant and material hereto the Defendants did breach its agreements with the Plaintiffs and violate said covenants by engaging in conduct which included:
    a. Defendants returned the Trial Modification payments despite having acknowledged the timeliness and completion of the four month trial plan via the offering of a Permanent Modification Agreement.
    b. The Defendants offered a Permanent Modification Agreement, and were immediately advised that the same was accepted, after which the Defendants immediately began returning the Trial Plan payments and falsely told the Plaintiffs that a Permanent Modification Agreement was not being offered giving as the sole reason: "Borrower refused Modification terms offered."
    c. Defendants failed to respond to Notices of Error as required by Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(1) and Sec. 1024.41(h).
    d. Defendants failed and refused to provide a right of appeal of the denial.
    e. Defendants failed to communicate with the Plaintiffs to address this issue, all of which have failed, in violation of Regulation X, Subpart C, 12 C.F.R. Sec 1024.40 mandating continuity of contact, which has contributed to their failure to resolve this issue.
34. As a direct result of the conduct of the Defendants as herein before and hereinafter set forth, the Plaintiffs have suffered severe consequential damages, including but not limited to:

a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the loss of her property through default and foreclosure;

b. Economic losses associated with the preclusion of their right to cure any erroneous delinquency and/or default thereby exposing Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

c. Losses as may be revealed during discovery or the trial of this case.

WHEREFORE, the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

a. Punitive and/or treble damages;
b. Damages as permitted by statute and common law;
c. Counsel fees;
d. All other relief this Court deems necessary and just.

## COUNT TWO

### Violations of the Real Estate Settlement and Procedures Act

35. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

36. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

37. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

38. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

39. As set forth in the Background Material Facts incorporated herein Defendants, through their agents, servants and employees, engaged in a "pattern or practice" of non-compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X.
40. Specifically but not by way of limitation the Plaintiff was prevented from exercising his legal right to cure the delinquency/default, due to the mishandling and servicing of the Plaintiff's account by the Defendants, individually and/or jointly.
41. At all times relevant and material hereto, the Defendants failed, inter alia, to afford the Plaintiff assistance and aid designed and required by Regulation X, Subpart C, 12 C.F.R. Sec 1024.39 and other law, to resolve delinquency and default, by failing, inter alia, to
    a. Engage in early intervention as required by Regulation X, Subpart C, 12 C.F.R. Sec 1024.39
    b. Failing to maintain continuity of contact as required by Regulation X, Subpart C, 12 C.F.R. Sec 1024.40
    c. Failing to assist the Plaintiffs in seeking loss mitigation as required by Regulation X, Subpart C, 12 C.F.R. Sec 1024 et seq.
    d. Failing to properly apply payments and/or otherwise violating the provisions of 15 U.S.C. § 1639f Reg. Z, 12 C.F.R. § 1026.36(c)(1)
    e. Issuing a denial of modification letter but failing to provide right of appeal as required by Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(1) and Sec. 1024.41(h).

42. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).
43. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).
44. The Plaintiff as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

45. As a direct and proximate result of the aforesaid, the Plaintiffs were wrongfully accused of a delinquency and default and/or unlawfully prevented from curing a default; and, Defendants have wrongfully threatened to pursue foreclosure all of which has caused the Plaintiff severe financial, physical and emotional damage and loss.

46. As a further direct result of the conduct of the Defendants as herein before and hereinafter set forth, the Plaintiffs have suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the loss of her property through default and foreclosure;
    b. Economic losses associated with the preclusion of their right to cure any erroneous delinquency and/or default thereby exposing Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;
    c. Losses as may be revealed during discovery or the trial of this case.

WHEREFORE, the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

    a. Consequential damages
    b. Damages as permitted by statute and common law;
    c. Counsel fees;
    d. All other relief this Court deems necessary and just.

_____
**KEAVENEY LEGAL GROUP, LLC**
**Thomas Masciocchi, Esq.**
**New Jersey Bar ID No.: 027941988**
**3747 Church Road, Suit 103**
**Mount Laurel NJ 08054**
**tmasesq@gmail.com**
**Tel. (800) 219-0931 / Fax. (856) 494-1383**
**Attorneys for Plaintiffs**